# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  June 10, 2026

```
* * * * * * * * * * * * *  * *   *
JOHN HENDRICKS,                   *
                                  *    No. 19-72V
            Petitioners,          *
                                  *    Special Master Young
v.                                *
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
* * * * * * * * * * * * * * *     *
```

*Jessica Anne Olins*, Mctlaw, Seattle, WA, for Petitioner.
*Julia Marter Collison*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 15, 2019, John Hendricks ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2018) (the "Vaccine Act" or "Program"). Petitioner alleged that the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on August 19, 2016, caused him to suffer from acute demyelinating encephalomyelitis ("ADEM"). Pet., ECF No. 1. On April 21, 2025, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on April 24, 2025. ECF No. 101.

On October 16, 2025, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 107. Petitioner requests total attorneys' fees and costs in the amount of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$162,679.43, representing $119,811.60 in attorneys' fees and $42,867.83 in attorneys' costs. Pet'r's Mot. for AFC at 1-2. Pursuant to General Order No. 9, Petitioner represents that he did not personally incur any costs related to the prosecution of his petition. Ex. 76. Respondent responded to the motion on October 20, 2025, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4. (ECF No. 109). Petitioner filed a reply on October 21, 2025. Pet'r's Reply (ECF No. 111). This matter is now ripe for consideration.

## I.        Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner were awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.        Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of*

*Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Danielle Strait, $307.00 per hour for work performed in 2017, $322.00 per hour for work performed in 2018, $340.00 per hour for work performed in 2019, $370.00 per hour for work performed in 2020, $395.00 per hour for work performed in 2021, $415.00 per hour for work performed in 2022, $450.00 per hour for work performed in 2023, and $480.00 per hour for work performed in 2024, and $520.00 per hour for work performed in 2025; for Mr. Altom Maglio, $362.00 per hour for work performed in 2017, and $400.00 per hour for work performed in 2019; for Ms. Elizabeth Abramson, $358.00 per hour for work performed in 2025; and for Ms. LeeAnne Pedrick, $179.00 per hour for work performed in 2020, and $220.00 per hour for work performed in 2022. *See* Ex. 74. Petitioner also requests between $145.00-$205.00 per hour for paralegal work performed from 2017-2025. *See id.* The rates requested are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### B.    Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $119,811.60.

### C.    Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioners request a total of $42,867.83 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, medical literature, legal research, photocopies, electronic signature fees, process service fees, and the following: expert services provided by Norman Latov, M.D. at $500 per hour totaling $15,000.00, economist/lost wage expert services provided by Kris Biloki at $225.00 per hour totaling $2,643.75, and life care planner services provided by Ms. Lynne Trautwein at The Coordinating Center totaling $17,564.86. Ms. Trautwein's services, billed across eleven invoices, includes 95.8 hours of work performed at $175.00 per hour from 2020-2022, and

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

$195.00 per hour from 2023-2024, as well as travel expenses related to the client visit, including flights, lodging, ground transportation, and meals. Ms. Trautwein's invoices, while largely reasonable, requires minor reductions.

First, Ms. Trautwein billed her travel time at her full rate of $175.00 per hour. *See* Ex. 75 at 138. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half the applicable hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). The September 30, 2021 invoice submitted by Ms. Trautwein reflects a total of six hours billed for travel time at her full rate of $175.00 per hour. Ex. 75 at 138. As experts are held to the same reasonableness standards for their fees as attorneys, I reduce the hours billed for Ms. Trautwein's travel by 50%. This results in a reduction of **$525.00**.

Additionally, Ms. Trautwein billed $87.50 in December 2020, for "File Open" with no additional information. Ex. 75 at 91. This billing entry appears to be administrative in nature and is not otherwise substantiated. Without additional information, I cannot establish the purpose or reasonableness of the cost, and it will therefore not be compensated. This results in a reduction of **$87.50**.

Petitioner has provided adequate documentation supporting the remaining costs. Accordingly, Petitioner is awarded final attorneys' costs in the amount of $42,255.33.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $119,811.60 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$119,811.60** |
| | |
| Attorneys' Costs Requested | $42,867.83 |
| (Reduction of Costs) | ($612.50) |
| **Total Attorneys' Costs Awarded** | **$42,255.33** |
| | |
| **Total Attorneys' Fees and Costs** | **$162,066.93** |

**Accordingly, a lump sum in the amount of $162,066.93, representing reimbursement for Petitioners attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

4

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.